UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

SANTOS ADAMES,                          )
                                        )
        Petitioner,                     )       Civil Action No. 5:11-CV-424-KSF
                                        )
V.                                      )
                                        )
FRANCISCO QUINTANA, Warden,             )       **MEMORANDUM OPINION**
                                        )            **AND ORDER**
        Respondent.                     )

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

While Santos Adames was an inmate confined in the Federal Medical Center in Lexington, Kentucky,[1] he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [R. 1], challenging a prison disciplinary conviction arising out of an incident on October 11, 2009, when he was incarcerated at the Federal Correctional Institution in Big Spring, Texas.   Adames claimed that the conviction violated his due process rights, and he sought a court order expunging the conviction, vacating the sanctions imposed, and directing the BOP to restore his forfeited good time credits. Adames also sought a reprimand against all BOP staff involved; an order transferring him to an institution closer to his home; an order compelling the BOP to provide him with needed medical care; an investigation regarding racial discrimination; and $3.5 million in compensatory damages.

The Court screened Adames's habeas corpus petition as required by 28 U.S.C. § 2243.  In a Memorandum Opinion and Order entered on October 31, 2012, the Court directed respondent

---

[1]  Adames has since been released to the Houston Community Corrections Office in Houston, Texas.  See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMore List=false&IDType=IRN&IDNumber=23338-149-1718x=718y=10 (last visited on January 14, 2013).  His projected release date is May 23, 2013.

Warden Quintana to respond to Adames's claim that his conviction for the charged prison offense was obtained in violation of his due process rights.  The Court dismissed all of Adames's other claims, which challenged the conditions of his confinement, without prejudice to his right to refile them in a civil rights action under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Warden Quintana has filed his response to Adames's habeas petition.  [R. 14]  He advises that upon review of Adames's petition, the BOP has expunged Incident Report #1929047 from Adames's prison records and has updated Adames's good conduct time record to reflect that no good time credits were forfeited as a result of the offense charged in Incident Report #1929047.  Since Adames's forfeited good time credits have been restored, Quintana submits that Adames has received all of the relief to which he is entitled in this petition, that his claims are now moot, and that this action is subject to dismissal because no viable issue remains to be resolved.

## APPLICABLE LAW

Article III of the United States Constitution allows federal courts to adjudicate only actual, ongoing cases or controversies.  *Thomas Sysco Food Services v. Martin*, 983 F.2d 60 (6th Cir. 1993). See also *Thornton v. Hambrick*, 992 F.2d 1217 (6th Cir. 1993); *Americans United for Separation of Church and State v. Prison Fellowship Ministries*, 509 F.3d 406, 420-21 (8th Cir. 2007) (*citing Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and, "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action."  *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *Brock v. U.S. Dept. of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007).  Article III of the Constitution limits

2

the jurisdiction of the federal courts to cases or controversies.  A case becomes moot when there is no viable legal issue left to resolve.  *Powell v. McCormick*, 395 U.S. 486, 496 (1969).  If developments occur during the course of a case which renders the court unable to grant a party the relief requested, the case must be dismissed as moot.  *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698-99 (3rd Cir. 1996); *Berger v. Cuyahoga County Bar Assoc.*, 983 F.2d 718 (6th Cir. 1993).

A federal court has no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (*quoting Mills v. Green*, 159 U.S. 651, 653 (1895)).  A claim becomes moot when "the claimant receives the relief he or she sought to obtain through the claim." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).  *See also Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987)("A case is moot when the issues presented are no longer 'live' or the parties lack legal cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.").

In the present case, Adames requested that his disciplinary conviction be expunged from his record and that the good conduct time forfeited as a result of that conviction be restored.  Warden Quintana reports that, as a result of the BOP's investigation, it has both expunged the disciplinary conviction from Adames's disciplinary file and has restored his lost good conduct time.  [R. 14-1, p. 18-19]  Thus, Adames has received the relief requested, and no controversy remains with respect to Incident Report #1929047.  *See Lynn v. Wiley*, No. 07-cv-01856-MSK, 2010 WL 1978172 (D. Colo. May 14, 2010).

In this habeas proceeding, the Court's review is limited to determining solely whether Adames's confinement as a result of the disciplinary conviction violated the Constitution.  Since that disciplinary conviction has been expunged from Adames's records, the Court's inquiry is at an end.  *Sloley v. O'Brien*, No. 7:07-cv-00507, 2008 WL 2852023, at *2 (W.D. Va. July 22, 2008) (no viable issues remained to be resolved, where the disciplinary action was remanded for rehearing by the administrative board, and the inmate discipline record was updated to "reflect no loss of good conduct time based on the challenged disciplinary action"); *Ashby v. Lehman*, No. CO3-5385RJB, 2007 WL 1521528, at *6 (W.D. Wash. May 23, 2007) (restoration of good time credits rendered the case moot); *Randall v. Martinez*, 289 F. App'x. 478, 480 (3rd Cir. 2008) (habeas corpus petition mooted, to the extent it requested restoration of good time credits, when BOP restored the credits on its own volition and expunged the incident report).

Thus, in the case at hand there remains no viable controversy in relation to the disciplinary conviction and the resulting loss of good time credits.  The other sanctions imposed, including placement in disciplinary segregation and the loss of certain privileges, do not implicate a constitutional liberty interest and are not actionable in a federal habeas petition.  "[Section] 2241 is a vehicle not for challenging prison conditions but for challenging matters concerning the execution of a sentence such as the computation of good-time credits." *Sullivan v. United States*, 90 F.App'x 862, 863 (6th Cir. 2004); *Simms v. United States*, No. 08-043-HRW, 2009 WL 3061994, at *5 (E.D. Ky. Sept. 21, 2009) ("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 ....").

Consequently, Adames has already received all of the relief to which he would otherwise have been entitled on the claims raised in his habeas petition.  His request that Incident Report

#1929047 be expunged from his BOP file and that his good time credits be restored is moot, as the BOP has already provided that relief to him.  All other claims raised in Adames's habeas petition are not cognizable in a Section 2241 habeas petition.  Adames is free to pursue these other claims in a *Bivens* action under 28 U.S.C. § 1331.

Accordingly, **IT IS ORDERED** that:

1.    Petitioner Santos Adames's motion for a status report [R. 7] is **GRANTED.**

2.    Petitioner Santos Adames's petition for a writ of habeas corpus [R. 1] is **DENIED AS MOOT**.

3.    The Court will enter an appropriate judgment.

4.    This matter is **STRICKEN** from the active docket.

This January 17, 2013.



Signed By:

***Karl S. Forester*** KSF

**United States Senior Judge**

5